# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:14-cr-0033 |
| ) | |
| **SHAQUIM FREDERICKS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's March 19, 2020 Report and Recommendation, recommending that Defendant Shaquim Fredericks' ("Fredericks") motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255, be denied without an evidentiary hearing and a certificate of appealability be denied. (ECF No. 150.) For the reasons stated below, the Court will adopt the Report and Recommendation and will deny the motion.

### I. BACKGROUND

On June 12, 2014, a federal grand jury returned an Indictment charging Fredericks with conspiracy to interfere with commerce by robbery (Counts I & II), possession of a firearm in furtherance of a crime of violence (Count III), conspiracy to possess a firearm in furtherance of a crime of violence (Count IV), and possession of a firearm with an obliterated serial number (Count V). (ECF No. 1.) Upon a plea of guilty, Fredericks was found guilty on Counts I, II and IV and sentenced, on January 29, 2015, to 108 months of imprisonment for each count of conviction, three years of supervised release, $300 assessment and $678,294.44 restitution. (ECF No. 121.)

On appeal, Fredericks challenged the constitutionality of the Hobbs Act, which was not raised before the District Court and, upon plain error review, the Third Circuit determined that, as applied to his case, the Hobbs Act does not violate the Tenth Amendment, affirming his convictions. (ECF No. 135.) Fredericks also argued that his rights under the Fifth and Fourteenth Amendments were violated because the jury saw his co-defendant and possibly him in handcuffs, which was rejected.

*United States v. Fredericks*
Case No. 3:14-cr-0033
Order
Page 2

Thereafter, Fredericks filed the instant motion arguing that his: (1) trial counsel "was ineffective for failing to investigate the victim's actual loss and objecting to it in the presentencing investigation report" (ECF No. 151 at 1-2); and (2) appellate counsel "was ineffective for failing to raise the five point enhancement movant received for the alleged victim loss, under [United States Sentencing Guidelines] USSG § 2B3.1(B)(7)(F)." (ECF No. 151 at 4.) According to Fredericks, the amount of the victim's loss "was substantially less than $1,500,000" and, had counsel raised that issue, "there is a reasonable probability that the outcome of his appeal would have been different." (*Id.*)

The Government opposed the motion, arguing that the claim that Fredericks' trial counsel did not investigate and object to the amount of loss is belied by the record, which shows that counsel filed objections to the presentencing investigation report challenging the amount of loss and objected to the loss calculation, asserting that there was no sufficient basis to find that the loss was $2,015,023.89, which was the intended value of the amount of loss and the value that USSG § 2B1.1 recommended. (ECF No. 159 at 4.) Counsel recommended a loss of $211,074.55, which was the difference between the net loss and the amount the insurer paid to the victim. (*Id.* at 5.) However, in the Third Circuit, intended loss is the appropriate figure when calculating loss, which is what the district court used to calculate loss. (*Id.*) Concerning Fredericks' claim of ineffective appellate counsel, the Government argues that counsel challenged the entire Hobbs Act as unconstitutional on multiple grounds, arguing that Fredericks' convictions should be void on those grounds. (*Id.* at 6.) The Government further argued on appeal that the district court properly calculated the loss amount based on the trial testimony as well testimony and documentary evidence at the sentencing and counsel cannot be faulted for raising meritless issues on appeal and his strategic decision to challenge the convictions based on the alleged unconstitutionality of the Hobbs Act. (*Id.*)

In reply, Fredericks conceded that his trial attorney objected to the loss amount but argued that such an objection supports his claim that appellate counsel should have raised the issue on appeal. (ECF No. 170 at 1.) Fredericks asserts that the United States Sentencing Commission promulgated "Amendment 792 & 793" about March 2015, which took effect on November 1, 2015, while Fredericks' appeal was being finalized. (*Id.* at 2.) Amendment 792

adopted the approach by "the Tenth Circuit that intended loss should be calculated based on the harm that the defendant purposely sought to inflict" and recognized "that sentencing enhancements predicated on intended loss, rather than losses that have actually accrued, should focus more specifically on the defendant's culpability." (*Id.*) Fredericks asserts that, in light of Amendment 792, the Third Circuit should have been afforded an opportunity to remand the case for resentencing. (*Id.*)

On March 19, 2020, the Magistrate Judge issued a Report and Recommendation recommending that Fredericks' motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255 be denied without an evidentiary hearing and a certificate of appealability be denied. (ECF No. 182.) The Magistrate Judge found that Defendant failed to show that his trial counsel rendered ineffective assistance of counsel to him by failing to object to the loss calculation during the sentencing phase. The Magistrate Judge also found Defendant failed to show that appellate counsel rendered ineffective assistance to him by failing to appeal a five-point enhancement based on the amount of the victim's loss or that he suffered any resulting prejudice from the alleged failures.

Defendant objected to the March 19, 2020 Report and Recommendation, asserting that in his reply to the Government's opposition to his motion he conceded that his trial counsel objected to the loss calculation during the sentencing phase, but the Magistrate Judge "did not even attempt to allege that the complete abandonment of this issue by appellate counsel was strategic in nature." (ECF No. 184 at 2.) According to Defendant, "[i]n light of the vigorous objection lodged by trial counsel and Amendment 792 - which took effect while Fredericks' appeal was being finalized - the Third Circuit should have been given an opportunity to remand the case for resentencing." (*Id.*)

## II.   LEGAL STANDARD

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party makes a timely objection to the report and recommendation, the district court "make[s] a de

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

To successfully allege an ineffective assistance of counsel claim in a § 2255 petition, a prisoner must: 1) prove his counsel's representation was deficient and 2) demonstrate that the representation "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the representation to be deemed "deficient," the court must find that the performance fell below an objectively reasonable standard of representation. *Id.* at 688-89. Further, under *Strickland*, a prisoner must demonstrate prejudice, meaning that the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The movant bears the burden of establishing each of the two prongs by a preponderance of the evidence. *United States v. Serrano*, 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

Concerning Fredericks' claim of trial counsel ineffectiveness, the Court finds that he abandoned that claim by conceding in his reply that the record demonstrates that his trial counsel objected to the presentence investigation report and challenged the amount of loss.

With respect to Fredericks's claim of appellate counsel's ineffectiveness, the district court found at the sentencing hearing that "[t]here was testimony, unrebutted at trial, that there was a $2 million loss. That was from Mr. Mirchandani" and the victim's agent letter, signed by the victim, and the testimony from the witness that he had a conversation with the victim, indicating that the loss was $2 million. (ECF No. 159-1 at 66-67.) In light of the unrebutted evidence that the loss at issue was $2 million, as found by the district court at sentencing, appellate counsel's decision not to raise the issue of loss calculation on appeal was reasonable and strategic, since counsel decided instead to challenge the convictions based on the argument that the Hobbs Act was unconstitutional. *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989) ("As *Strickland* explains, the range of reasonable professional judgments is wide and courts must take care to avoid illegitimate second-guessing of counsel's strategic decisions from the superior vantage point of hindsight.")

*United States v. Fredericks*
Case No. 3:14-cr-0033
Order
Page 5

Fredericks also argues, for the first time in reply, that his appellate counsel was ineffective for failing to raise the loss calculation in light of the USSG Amendment 792 that took effect while his appeal was being finalized. Generally, courts will not consider arguments raised "for the first time in a reply brief." *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996) (citation omitted). Even if the Court is to consider Fredericks' argument based on appellate counsel's failure to raise the loss calculation in light of USSG Amendment 792, his trial counsel could not have raised that argument at the January 29, 2015 sentencing because Amendment 792 became effective on November 1, 2015. "[I]t is well settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." *United States v. Rose*, 538 F.3d 175, 179 (3d Cir. 2008). Fredericks failed to explain how, even if appellate counsel raised the loss calculation in light of USSG Amendment 792, such argument would constitute exceptional circumstances permitting appellate review. While Fredericks acknowledged that the United States Sentencing Commission recognized "that sentencing enhancements predicated on intended loss, rather than losses that have actually accrued, should focus more specifically on the defendant's culpability," he did not show that the court failed to focus specifically on his culpability at his sentencing. Fredericks did not show that, even if his appellate counsel raised this issue, it would have been reviewed on appeal. Most importantly, Fredericks did not show that, had the issue been heard on appeal, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Having failed to satisfy his burden on this motion, the Court finds that Fredericks did not make "a substantial showing of the denial of a constitutional right" 28 U.S.C. § 2253 (b)(2), to warrant issuance of a certificate of appealability.

## IV. CONCLUSION

Upon *de novo* review of the portions of the report and recommendation to which Fredericks objected, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation of March 19, 2022, is **ADOPTED;** it is further

*United States v. Fredericks*
Case No. 3:14-cr-0033
Order
Page 6

**ORDERED** that Fredericks's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, ECF No. 150, is **DENIED** without an evidentiary hearing; it is further

**ORDERED** that a certificate of appealability is **DENIED**; and it is further

**ORDERED** that a copy of this Order shall be docketed in *Fredericks v. United States*, Civil Case No. 3:18-cv-0019.

**Dated:** September 26, 2022                    */s/ Robert A. Molloy*
                                                 **ROBERT A. MOLLOY**
                                                 **Chief Judge**